

ORDERED in the Southern District of Florida on December 15, 2023.

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                          Case No. 23-15419-RAM
                                                                Chapter 7
BRUCE L. PLATT,

    Debtor.
_____/

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

    Finalizing a divorce while a bankruptcy is pending often creates a conflict between the non-debtor spouse who is seeking to enforce their state court rights in marital property and a debtor or bankruptcy trustee seeking to protect the interests of creditors in property of the bankruptcy estate.  The conflict has emerged in this case in arguments over whether the Court should grant stay relief to allow the state court to determine, among other things, the respective interests of the debtor and his non-debtor spouse in the marital home they own as tenants by the entireties ("TBE").  The issues are more complicated because the

1

debtor chose not to claim the marital home owned TBE as exempt from process in this bankruptcy case.

## Procedural Background

The Court held a hearing on October 19, 2023 on (i) the Motion for Relief from the Automatic Stay Regarding Pending Divorce Proceeding [DE #29] (the "Motion") filed by Aurelie Platt (the "Spouse"); (ii) the Debtor's Response to Motion for Relief from the Automatic Stay Regarding Pending Divorce Proceeding Filed By Aurelie Platt [DE #39] filed by Bruce Platt (the "Debtor"); and (iii) the Chapter 7 Trustee's Limited Objection to Motion by Aurelie Platt for Relief from the Automatic Stay [DE #40] filed by Marcia T. Dunn, Chapter 7 Trustee (the "Trustee"). Following the hearing, the Court ordered briefing on the following issues:

A. Does the marital home located at 290 Grand Concourse, Miami Shores, FL 33138 (the "Home") presently owned by the Debtor and the Spouse as TBE remain TBE property until entry of a judgment of dissolution of marriage in the pending state court dissolution case?

B. Did the Debtor's decision not to claim the Home as exempt in this bankruptcy case defeat the TBE ownership?

C. If the Home remains TBE property, should the Court grant stay relief to allow the state court to determine the Debtor and the Spouse's respective interests in the Home?

D. Section 363(h) allows a trustee to sell TBE property if certain conditions are met. Should the Court allow the Trustee to propose a § 363(h) sale now or, if stay relief is granted, require the Trustee to wait to administer the Debtor's interest until the state court has determined the respective interests of the Debtor and the Spouse in the Home.

The Court has reviewed the record, including the Chapter 7 Trustee's Supplemental Briefing on Stay Relief Motion [DE# 60] and Aurelie Platt's Memorandum in Support of Stay Relief to Allow Family Law Court to Determine Debtor's Interest in TBE Property [DE# 59], and reviewed applicable law. As discussed herein, the Court concludes that the exception

to the automatic stay in 11 U.S.C. § 362(b)(2)(A) permits the state court to establish or modify domestic support obligations and to resolve child support, custody, or visitation issues. Therefore, stay relief is unnecessary to finalize those issues in the state court. The Court also finds that the Spouse is entitled to relief from the automatic stay to allow the state court to enter a dissolution judgment determining the respective interests of the Debtor and the Spouse in the Home and any marital assets located in the Home. Finally, the Spouse is entitled to relief from the automatic stay to continue defending an appeal by the Debtor of orders entered in the state court.

## **Facts**

The Debtor and the Spouse are husband and wife. It is undisputed that the Debtor and the Spouse own the Home as TBE property. The Spouse alleges that all personal property located in the Home is marital property. The Debtor concedes that all personal property listed in his bankruptcy schedules "may be claimed as marital property;" however, at the October 19th hearing, the Debtor alleged that some personal property located in the Home may be owned by the Debtor's business entities.

On February 11, 2021, the Debtor commenced a divorce proceeding against the Spouse, Case No. 2021-002779-FC-04 pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Divorce Proceeding"). One of the issues in the Divorce Proceeding is division of the Home. As proffered by the Spouse, in the Divorce Proceeding, the Spouse has alleged that the Debtor is not entitled to any interest in the Home because of the inequities that he caused in the marriage, including wasting marital assets and incurring substantial amounts of debt after commencing the Divorce Proceeding and vacating the Home.

The state court conducted four days of trial on the contested issues in the Divorce Proceeding. According to the Spouse, the fifth and final day of trial was to be held on July 12, 2023, at the conclusion of which the state court would have rendered its judgment on all issues, including division of the Home. However, prior to the start of the fifth day of trial, on July 12, 2023 (the "Petition Date"), the Debtor filed this chapter 7 case. Because of the automatic stay under § 362(a) of the Bankruptcy Code, the state court did not conduct the fifth and final day of trial or render its judgment regarding division of the Home or dissolution of the marriage.

Also in the Divorce Proceeding, and prior to the Petition Date, the Debtor filed an appeal of two orders entered by the state court related to the Debtor's temporary support obligations.

In his bankruptcy schedules [DE# 12, Schedule A/B], the Debtor lists a co-ownership interest in the Home and submits that the Home has a value of $2,439,356. In his objection to the Motion, the Debtor asserts that, according to the Miami-Dade County Property Appraiser, the Home has a market value of $1,657,976. The Debtor has proffered that, during the Divorce Proceeding, the Debtor and the Spouse were presented with a contract to purchase the Home "as is" for $2.5 million in cash. According to the Debtor, expert testimony at trial in the Divorce Proceeding demonstrated that the $2.5 million cash offer exceeded the value of the Home. The Debtor has also proffered that, following the Petition Date, the Debtor has received numerous inquiries to sell the Home for prices ranging from $2.5 million to $3 million.

Importantly, in bankruptcy schedules [DE# 12, Schedule C], the Debtor intentionally did <u>not</u> claim the Home as exempt from administration in this bankruptcy case, even though, as TBE property, the equity in the Home is only subject to joint debts.

The Home is encumbered by two mortgages held by Bank of America, N.A. ("BANA"). According to the Debtor, as of the Petition Date, approximately $954,271.00 was owed to BANA on account of two loans secured by the two mortgages.[1] It is undisputed that the Debtor and the Spouse are jointly obligated on the mortgages held by BANA. According to the Trustee, the mortgages are currently in default. Indeed, BANA separately sought relief from the automatic stay to foreclose on its junior mortgage due to the failure to make three payments. See DE# 33. For reasons unknown to the Court, BANA withdrew its motion for stay relief. See DE# 48.

It is also undisputed that, other than the mortgages held by BANA, there are no other joint secured or unsecured debts of the Debtor and the Spouse. All other debts listed in the Debtor's schedules are his individual debts. Indeed, the Spouse alleges that virtually all the debt scheduled in this bankruptcy case was incurred after the commencement of the Divorce Proceeding nearly two and half years prior to the Petition Date.

In the Motion, the Spouse requests stay relief under § 362(b)(2)(A)[2] of the Bankruptcy Code to continue with the Divorce Proceeding and to defend an appeal filed by the Debtor in the Divorce Proceeding. In response, the Debtor argues that the Spouse has not alleged or satisfied any of the required conditions of § 362(d) of the Bankruptcy Code for the granting of stay relief. The Debtor also argues that the Trustee should be entitled to sell the Home, whether to the Spouse or a third party, pay the joint secured mortgage debt, and split the remaining proceeds between the bankruptcy estate and the Spouse.

---

[1] In its now-withdrawn Motion for Relief from the Automatic Stay [DE# 33], BANA asserted that the total amount of encumbrances on the Home is just under $940,000.

[2] As noted earlier, § 362(b)(2)(A) lists certain state court matters that are excepted from the automatic stay. To the extent that the Motion seeks stay relief to proceed with actions that are not within the exception, the Court is considering relief, for cause, under § 362(d) of the Bankruptcy Code.

The Trustee does not oppose stay relief for the state court to dissolve the marriage. However, the Trustee objects to stay relief to the extent the Spouse is seeking an equitable distribution of marital assets that are now property of the Debtor's bankruptcy estate, including the Home.  Agreeing with the Debtor, the Trustee proposes to sell the Home, whether by consent of the Spouse or pursuant to § 363(h) of the Bankruptcy Code, satisfy the joint debts encumbering the Home, pay the Spouse her distributive interest in the net proceeds, and administer the Debtor's distributive interest for the benefit of the Debtor's individual creditors.  As discussed below, the problem with the Trustee's proposal is that it assumes that the Debtor and his Spouse would be entitled to equal shares of the sale proceeds.  That is not an assumption that this Court should adopt.  Under the facts of this case, the state court should determine the respective interests.

## Analysis

The commencement of a bankruptcy case creates a fictitious estate comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  A chapter 7 trustee is only entitled to administer for the benefit of creditors property of the estate.  11 U.S.C. § 704(a)(1).  Section 541(a) includes a debtor's interest in property owned as tenants by the entirety.  *In re Monzon*, 214 B.R. 38, 40 (Bankr. S.D. Fla. 1997) (citing cases in support).  However, § 522(b)(3)(B) allows a debtor to exempt from property of the estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest as a tenant by the entirety . . . is exempt from process under

6

applicable nonbankruptcy law[.]"  In this case, "applicable nonbankruptcy law" means Florida law.[3]

The first question is whether the Debtor's decision to <u>not</u> claim the Home as exempt from process under applicable Florida law in this bankruptcy case defeats the TBE ownership.  The answer is no.

Under Florida law, a married couple may hold property as TBE if certain characteristics exist at the time the couple acquires the property.[4]  When a married couple holds property as TBE, each spouse holds the "whole or the entirety, and not a share, moiety, or divisible part."  *Bailey v. Smith*, 103 So. 833, 834 (Fla. 1925).  "Thus, property held by husband and wife as tenants by the entireties belongs to neither spouse individually, but each spouse is seized of the whole."  *Beal Bank, SSB v. Almand & Assocs.*, 780 So. 2d 45, 53 (Fla. 2001) (citation omitted).  The TBE status terminates by divorce, death, or an agreement between the spouses.  *In re Estate of E.L. Lyons*, 90 So. 2d 39, 40-41 (Fla. 1955); *Passalino v. Protective Group Securities, Inc.*, 886 So.2d 295 (Fla. 4th DCA 2004).  Importantly, neither spouse can unilaterally terminate the TBE status.  *Douglass v. Jones*, 422 So. 2d 352, 354-55 (Fla. 5th DCA 1982) ("It is well settled in Florida that an estate by the entireties is vested in the husband and wife as one person, and neither spouse can sell, forfeit, or encumber any part of the estate without the consent of the other, nor can one spouse alone lease it or contract for its disposition without such consent."); *Naurison v.*

---

[3] In Florida, a debtor's exemptions are governed by Florida law, as Florida has "opted out" of the federal exemptions provided in § 522(d) of the Bankruptcy Code.  *See* Fla. Stat. § 222.20 (opting out of the federal exemptions).

[4] Under Florida law, property held as a TBE property possesses six characteristics: "(1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names)."  *Beal Bank, SSB v. Almand & Assocs.*, 780 So. 2d 45, 52 (Fla. 2001) (citations and footnotes omitted).

*Naurison*, 132 So. 2d 623, 624 (Fla. 3rd DCA 1961) ("There can be no severance of the estate [by the entireties] by the act of either [spouse] . . . .").

As of the Petition Date, the Debtor and the Spouse were still legally married and owned the Home as tenants by the entirety. Although the Divorce Proceeding had been pending for over two years as of the Petition Date, the state court had not yet entered a judgment of dissolution of marriage. As such, the Home presently owned by the Debtor and the Spouse as tenants by the entirety remains entireties property until entry of a judgment of dissolution of marriage in the pending Divorce Proceeding, absent a death or a joint sale of the Home. The Debtor cannot unilaterally defeat the TBE ownership in this bankruptcy case by simply not claiming the Home as exempt from process under applicable Florida law. Indeed, permitting the Debtor to do so would give the Debtor the power to perform a severance act that the Debtor could not have accomplished outside of bankruptcy in Florida. *See Butner v. U.S.*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding)."

The Trustee argues that under § 363(h) she has the right to sell the Home because that provision expressly provides authority to sell TBE property. The Court rejects the argument in this case for two reasons. First, generally, there is no justification for a trustee to conduct a § 363(h) sale where there is no joint unsecured debt and the TBE property is worth substantially more than the joint secured mortgage debt. Second, even though the Debtor chose to not claim the TBE exemption, a proposed § 363(h) sale is not appropriate until the family court determines the respective interests of the Debtor and Spouse in the Home.

Addressing the first issue, does the existence of a single over-secured joint debt entitle the Trustee to administer the TBE property? The answer is generally, no.

Under Florida law, TBE property is exempt from process to satisfy debts owed to individual creditors of either spouse. *Beal Bank*, 780 So. 2d at 53; *Neu v. Andrews*, 528 So. 2d 1278, 1279 (Fla. 4th DCA 1988). TBE property is <u>not</u> exempt from process to satisfy joint debts of both spouses. *Beal Bank*, 780 So. 2d at 53; *Stanley v. Powers*, 123 Fla. 359, 166 So. 843, 846 (Fla. 1936) (holding that a judgment debt against both spouses can be satisfied by selling entireties property). As such, "[c]ourts have generally recognized that § 522(b)[(3)(B)], read in conjunction with applicable Florida law, precludes the debtor from exempting a portion of his entireties property where joint creditors of both spouses exist at the time of filing." *In re Monzon*, 214 B.R. at 41. Thus, this Court has previously stated that "without serious doubt, an individual bankruptcy may require administration of some property held by the entireties if joint creditors exist." *Id*. To this end, § 363(h) of the Bankruptcy Code provides a procedural mechanism for a trustee to realize the value of non-exempt property for the estate. Specifically, § 363(h) provides that, under certain conditions, "the trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a . . . tenant by the entirety[.]"

However, in *Monzon*, this Court further stated that "[i]f the entireties property has a value greater than the joint secured debt on the property <u>and</u> no unsecured joint creditors exist, the value in excess of the joint secured debt is exempt from process under Florida law." *Id*. (emphasis in original). Indeed, "this Court adopt[ed] the simple and sensible rule that a Trustee should not and may not seek to administer TBE property if the <u>only</u> joint debt is the secured debt against the property." *Id*. at 42 (emphasis in original).

9

It is undisputed that the only joint debt in existence as of the Petition Date is the BANA debt secured by the Home. It is also undisputed that there is equity in the Home. BANA's Motion for Relief from the Automatic Stay [DE# 33] asserts that the total amount of encumbrances on the Home is just under $940,000 and the value of the Home, according to the Miami-Dade County Property Appraiser, is in excess of $1.65 million. Moreover, no party has disputed the Debtor's proffer that the current market value of the Home is $2.5 million or more. Therefore, it is generally not appropriate for a trustee to conduct a § 363(h) sale of TBE property if there is no joint unsecured debt and the joint secured debt is over-secured.

That still leaves the second issue: Even if a § 363(h) would not be appropriate had the Debtor claimed his TBE interest in the Home as exempt, does that general rule apply here? Because the Debtor did not claim the TBE exemption, there is a valid argument that if the Trustee sold the Home the Debtor's share of proceeds remaining after paying the joint mortgage debt and sale expenses would be property of the estate and used to pay the Debtor's individual creditors. However, § 363(h) does not grant blanket authority to sell TBE property over the objection of the non-Debtor co-owner. Instead, the Court can approve such a sale only if, among other things, "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners[.]" 11 U.S.C. § 363(h)(3). And, "[i]n determining whether the benefit to the estate outweighs the detriment to the co-owner, the Court must consider the economic and emotional detriment which the co-owner would face." *In re Griffin*, 123 B.R. 933, 936-37 (Bankr. S.D. Fla. 1991). The Court cannot make a finding under § 363(h)(3) when the Court does not know what interest, if any, the Debtor will have in the Home after the state court rules on the division of the Home. Indeed, in the Divorce Proceeding, the Spouse alleges that the Debtor has <u>no</u>

interest in the Home because of the inequities that he caused in the marriage. The state court conducted four days of trial weighing the equities to determine, among other issues, the Spouse's request to award her an unequal distribution of the Home. In addition, the Court notes that the Spouse and the children currently occupy the Home, and the Spouse alleges that the stability of the family is dependent upon the children remaining in the Home. *See In re Griffin*, 123 B.R. at 936-37 (denying a § 363(h) sale where the impact of involuntary displacement from the residence of 14 years would be severe on the co-owner).

Ultimately, the Trustee may be able to obtain proceeds from a sale of the Home to administer in this case. But now is not the time. Instead, the Court finds cause to grant the Spouse stay relief to allow the state court to determine the respective interests of the Debtor and Spouse in the Home. Until the state court determines the respective interests in the Home, the potential benefit to the estate of a § 363(h) sale is outweighed by the potential detriment to the Spouse. Since the Debtor did not claim his surplus equity interest as exempt under applicable Florida law, if and when the state court determines that the Debtor has an interest in the Home, the Court will consider relief to allow the Trustee to obtain the value of the Debtor's interest for the benefit of his individual creditors in this case.

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Motion [DE #29] is granted as provided herein.

2. Pursuant to 11 U.S.C. § 362(b)(2)(A), the automatic stay does not apply to any actions in the Divorce Proceeding necessary to establish or modify domestic support obligations or child support issues.

3. Pursuant to 11 U.S.C. § 362(d)(1), the Court grants the Motion to allow the Spouse, Aurelie Platt, to obtain entry of a judgment of dissolution of marriage in the Divorce Proceeding, including a judgment determining the equitable distribution of all marital assets,

11

including the Home. However, this Court retains jurisdiction to determine the enforceability of any portion of the state court judgment compelling the Debtor, Bruce Platt, to transfer any non-exempt assets of the estate to the Spouse.[5] *See In re Greenhouse,* 641 B.R. 711 (Bankr. S.D. Fla. 2022) (denying enforcement of a postpetition state court dissolution judgment compelling the debtor to transfer his interest in a non-exempt investment asset to his spouse). The Court also grants stay relief under § 362(d)(1) to allow the Spouse to continue defending the appeal filed by the Debtor in the Divorce Proceeding.

4.  If the state court determines that the Debtor is entitled to any interest in the Home, said interest is property of the Debtor's bankruptcy estate and, because the Debtor did not claim any interest in the Home as exempt from process under Florida law, that interest must be turned over to the Trustee for administration in this bankruptcy case.

###

Copies to:

Timothy Kingcade, Esq.
Kingcade & Garcia, P.A.
1370 Coral Way
Miami, FL 33145
(Counsel for the Spouse)

Jeffrey N. Schatzman, Esq.
Schatzman & Schatzman, P.A.
9990 S.W. 77th Avenue, Penthouse 2
Miami, Florida 33156
(Counsel for the Debtor)

David A. Blansky, Esq.
Dunn Law, P.A.
66 West Flagler Street, Suite 400
Miami, Florida 33130
(Counsel for the Trustee)

---

[5] The bankruptcy estate's potential interest in certain personal property located in the Home is already protected by the Court's Order Denying, Without Prejudice, Trustee's Motion to Compel Access to Marital Home and Cooperation from Non-Filing Spouse in Trustee's Efforts to Value, Market and Sell Real Property [DE# 53]. That Order provided, in part, that the Spouse "shall not remove, sell, transfer or allow waste of any of the personal property in the marital home until the Trustee has finished administering the case or pending further order of this Court."